**Rochelle CHAPMAN, as Mother and Natural Guardian of Andrew Chapman Petitioner–Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent–Appellee.**

No. 01–5007.

United States Court of Appeals, Federal Circuit.

April 3, 2001.

Before MICHEL, LOURIE, and RADER, Circuit Judges.

MICHEL, Circuit Judge.

This case arises under the National Vaccine Compensation Program, 42 U.S.C. §§ 300aa–1 to 300aa–34 ("Vaccine Act"). Rochelle Chapman ("Chapman"), as mother and natural guardian of Andrew Chapman ("Andrew"), seeks an increase of the $1.5 million award provided by the October 31, 1996 final judgment in this case, which has been satisfied by the Secretary of Health and Human Services ("Secretary"). On August 3, 2000, the U.S. Court of Federal Claims denied relief. On October 18, 2000, Chapman filed a notice of appeal to this court. We have jurisdiction pursuant to 42 U.S.C. § 300aa–12(f). Because post-judgment requests for enhanced compensation are not permitted under the Vaccine Act, we *affirm.*

On September 22, 1997, Chapman sent a letter to the Clerk of the Court of Federal Claims requesting the court to "vacate a late motion for review," in the case. Judge Horn of the Court of Federal Claims ordered that the letter be treated as a request for relief under RCFC 60(b), and referred the case to the Chief Special Master for a recommendation as to whether relief was appropriate.

Although it appears that the nature of the relief requested by Chapman has changed greatly since she originally filed her letter, it appears that her allegations amount to a challenge to the sufficiency of the final judgment in light of post-judgment events that may increase her costs of caring for Andrew. Chapman was origi-

nally awarded $23,100 annually for day habilitation and $10,816 for respite care (as based on 1996 dollars, adjusted 4% per annum). This figure was based upon the recommendation of a Life Care Planner who assisted Chapman in planning for Andrew's vocational placement.

At the time of the 1996 final judgment, the Life Care Planner anticipated that Andrew would be eligible to enter, starting in 2005, into programs provided by the State of New York through its Office of Vocational and Educational Services for Individuals with Disabilities ("VESID"). Andrew, however, has apparently developed behavioral problems which may preclude his admission into VESID if they are not overcome by 2005. If Andrew is not able to enter into the state-sponsored VESID program in 2005, his educational needs may increase beyond what is currently budgeted for in the judgment award. Accordingly, Chapman seeks an increase in the award to allow for this contingency.

On March 31, 2000, the Chief Special Master recommended a denial of relief, noting that the Vaccine Act does not allow for contingency awards. On August 3, 2000, the Court of Federal Claims agreed with the Chief Special Master, and denied Chapman's motion.

We agree. As we held in *Neher v. Secretary*, 984 F.2d 1195, 1200 (Fed.Cir. 1993), the Vaccine Act limits "vaccine petitioners' entitlement to compensation to costs that can be reasonably anticipated at the time of the award." We noted that "[o]nce the special master had determined what compensation was due, there was no authority for adding 'flexibility' to the plan." *Id.* Moreover, "[t]he special master's award is not subject to subsequent, or concurrent, enhancement." *Id.*

Because the special master's award is not subject to enhancement, we agree that Chapman's motion for post-judgment relief

must be denied. Accordingly, the decision of the Court of Federal Claims is affirmed.